IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTONIO FRANCIS BUEHLER | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | NO. 1:13-CV-01100 ML |
| | § | |
| CITY OF AUSTIN / AUSTIN POLICE; | § | |
| DEPARTMENT; AUSTIN POLICE CHIEF | § | |
| ART ACEVEDO; AUSTIN POLICE | § | |
| OFFICER(S) PATRICK OBORSKI, | § | |
| ROBERT SNIDER, JUSTIN BERRY; | § | |
| SERGEANT ADAM JOHNSON & | § | |
| Defendants | § | |

**DEFENDANTS' SURREPLY TO PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE MARK LANE:

COMES NOW, Defendants' Surreply to Plaintiff's Motion for Extension of Time to Respond to Motion for Summary Judgment, and respectfully shows as follows:

**I.**
**Defendants' Surreply**

Plaintiff's Reply complains that Defendants submitted case law on the summary judgment burden and state law claims, as well as affidavits. Submission of case law on the summary judgment burden and all claims, as well as submission of affidavits is the norm in summary judgment practice and comes as no surprise. Evaluating all of the evidence is also the norm in summary judgment practice, and every summary judgment exhibit was already in Plaintiff's possession months before filing, and come at no surprise. The videos submitted were

already in Plaintiff's possession for years,[1] and affidavits exactly track deposition transcripts which were already in counsel's possession.

Officer Raul Carrillo is one of thirty-three (33) instructors at APD Academy, whom the City did not name as a person with knowledge in the civil litigation, because he has no knowledge of Plaintiff's arrests, and the City does not designate 33 instructors in response to every failure to train claim. Officer Carrillo was only called as a rebuttal witness in the criminal prosecution. Clearly, Officer Carrillo is not a legal expert to testify on the First Amendment, if in fact he so responded to the alleged "hypothetical" posed.

Contrary to Plaintiff's assertion that hearsay is admissible at the summary judgment stage, any material cited to support or dispute a fact cannot be presented in a form that would be inadmissible in evidence, and affidavits must set out facts that would be admissible in evidence. *Fed.RulesCiv.Proc.,* Rule 56(c)(2)(2)&(4).

Plaintiff is represented by two (2) attorneys to timely respond to summary judgment.

## II.
## Prayer

Defendants pray that Plaintiff's motion be denied, and for such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

---

[1] Plaintiff produced a hard drive with hundreds of APD videos at deposition on September 19, 2014, and testified that documents produced in response to requests under the Public Information Act were produced on February 10, 2014, but sitting in the garage opened.

RESPECTFULLY SUBMITTED,

KAREN M. KENNARD, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

*[signature]*

CHRIS EDWARDS
Assistant City Attorney
State Bar No. 00789276
City of Austin-Law Department
Post Office Box 1546
Austin, Texas 78767-1546
(512) 974-2419
(512) 974-1311 [FAX]

ATTORNEYS FOR DEFENDANTS

## Certificate of Service

This is to certify that I served the foregoing on all parties, or their attorneys of record, in compliance with the Federal Rules of Civil Procedure, this 25th day of November, 2014.

**Via E-Filing to:**
Daphne Pattison Silverman
Karen Oprea
Silverman Law Group
501 N IH 35
Austin, Texas  78702

*[signature]*

CHRIS EDWARDS

3